UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CAUSE NO. |
| ) | |
| LARRY GROSS, ) | 1:18-cr-0022 SEB-TAB |
| ) | |
| Defendant. ) | |

**INDICTMENT**

COUNT 1-FELON IN POSSESSION OF A FIREARM
18 U.S.C.§ 922(g)(1)

The Grand Jury charges that:

On or about December 12, 2017, in Marion County, within the Southern District of Indiana, the defendant, LARRY GROSS, did knowingly possess in and affecting commerce, a firearm, to wit: a black MPA 9mm handgun with an extended magazine; a chrome Taurus .22 caliber handgun; and/or a black and green Keltech .380 handgun, after having been convicted of: Failure to File an Income Tax Return on April 24, 2007, in Marion County Superior Court cause number 49G20-0605-FD-002891, and/or Dealing in Marijuana on or about March 12, 2007, in Marion County Superior Court cause number 49G20-0605-FD-094483; these crimes being felony offenses punishable by imprisonment for a term exceeding one year. All in violation of Title 18, United States Code, Section 922(g)(1).

## **FORFEITURE**

1. The allegations in this indictment are realleged as if fully set forth herein, for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c).

2. If convicted of the offense set forth in the indictment, LARRY GROSS, the defendant herein, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense of which he is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense of which he is convicted. Pursuant to Title 21, United States Code, Section 853 and Rule 32.2(e) of the Federal Rules of Criminal Procedure, such property includes any property constituting proceeds of the offense(s) of conviction that has not yet been located and identified by the United States.

3. Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in paragraph 2, if, by any act or omission of the defendant, the property described in paragraph 2, or any portion thereof:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of all forfeitable property as described above in Paragraph 2.

4.      If convicted of the offense set forth in Count 1, LARRY GROSS, the defendant herein, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm, ammunition or magazine involved in or used in the offense of which he is convicted.

A TRUE BILL:



FOREPERSON

JOSH J. MINKLER
United States Attorney

By: _____
Bradley P. Shepard
Assistant United States Attorney

3