UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-22-SEB-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LARRY GROSS | (COMPASSIONATE RELEASE) |

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

■ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

■ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cr-00022-SEB-TAB-01 |
| ) | |
| LARRY GROSS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Larry Gross has moved for compassionate release, requesting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) based on "'extraordinary and compelling' reasons presented by the COVID-19 pandemic." Dkt. 63. For the reasons stated below, the motion is **denied**.

### I.
### BACKGROUND

In October 2018, the Court sentenced Mr. Gross to 36 months' imprisonment and 3 years of supervised release after he pleaded guilty to being a felon in possession of a firearm and ammunition. Dkt. 46. Judgment was entered on November 5, 2018. Dkt. 47.

On July 8, 2020, Mr. Gross filed a pro se motion that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 63. The United States responded and served Mr. Gross with a copy of the response. Dkt. 67. Mr. Gross has not replied and the deadline for doing so has passed. *See* dkt. 64. Thus, his motion is ripe for decision.

## II.
### DISCUSSION

Mr. Gross is 44 years old. He is now incarcerated at FCI Morgantown. As of November 18, 2020, the Bureau of Prisons ("BOP") reports that FCI Morgantown has 2 active COVID-19 cases among staff and none among inmates. https://www.bop.gov/coronavirus/ (last visited Nov. 18, 2020). According to the BOP website, Mr. Gross's release date is August 20, 2021.

In his motion, Mr. Gross states that he is seeking release because of the COVID-19 pandemic. Dkt. 63. He states that he suffers from anxiety and depression and that these conditions weaken his immune system and make him more susceptible to COVID-19. *Id.* He also notes that he is eligible for home detention in February 2021 and that he has maintained a clear discipline record throughout his incarceration. *Id.* Mr. Gross states that he has a place to live and a job lined up if granted release. *Id.*

In its response, the United States argues that Mr. Gross has no health conditions that put him at risk of suffering severe symptoms if he contracts COVID-19. Dkt. 167. Thus, it contends, Mr. Gross has not shown extraordinary and compelling reasons warranting a sentence reduction. *Id.* It also argues that Mr. Gross poses a danger to the community. *Id.*

Title 18 U.S.C. § 3582(c) guides our analysis, providing in relevant part as follows:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Thus, the Sentencing Commission promulgated a policy statement regarding compassionate release reflected at § 3581(c), set out in United States Sentencing Guidelines ("US.S.G.") § 1B1.13 and the accompanying Application Notes. That policy statement has not been updated to reflect that defendants (and not just the Bureau of Prisons) ("BOP") may move for compassionate release,[1] but courts have consistently relied on U.S.S.G. § 1B1.13 for guidance as to the "extraordinary and compelling reasons" that might warrant sentence reductions. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). Generally speaking, the identity of the movant (whether it is an inmate or the BOP) does not impact the Court's consideration of the applicable factors.

Pursuant to § 1B1.13 and the statutory directive in § 3582(c)(1)(A), the compassionate release decision is premised on certain specific findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Gross is "a danger to the safety of any other person or to the

---

[1] Until December 21, 2018, only the BOP could file a motion for sentence reduction under §3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow inmates to bring such motions directly, after exhausting administrative remedies. *See* 1 Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) (First Step Act § 603(b)).

community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider and weigh the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision covering "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). The court determines whether the facts qualify as extraordinary and compelling under the catchall provision. *See United States v. Norris*, No. 1:08-cr-170-SEB-TAB-01, dkt. 99 (S.D. Ind. Nov. 10, 2020).

Mr. Gross does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. *See* dkt. 63. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. While the Court sympathizes with Mr. Gross's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12,

2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction). Furthermore, the Centers for Disease Control and Prevention ("CDC") does not identify depression or anxiety as conditions that cause an increased risk of developing severe symptoms with COVID-19. *See* CDC, *People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 18, 2020). Thus, Mr. Gross has failed to show how his depression and anxiety, which have not been found to cause an increased risk of serious illness from COVID-19, present an extraordinary and compelling reason to allow his early release.[2] This Court has consistently denied motions for compassionate release from defendants—like Mr. Gross—who are not at an increased risk of developing severe symptoms if they contract COVID-19. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). Accordingly, the Court concludes that the risk presented by COVID-19 does not present an extraordinary and compelling reason warranting a sentence reduction in this case.

Finally, the Court commends Mr. Gross for his clean disciplinary record, which he argues demonstrates that he has been rehabilitated. However, rehabilitation is not—standing alone—an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Given the Court's determination that Mr. Gross has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

---

[2] Mr. Gross argues that his anxiety and depression have weakened his immune system, and the CDC has stated that a weakened immune system may increase one's risk for severe COVID-19 symptoms. *See* CDC, *People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 18, 2020). But Mr. Gross has not presented any evidence that his immune system is weakened and his conclusory claim that anxiety and depression have weakened his immune system is speculative.

### III.
### CONCLUSION

For the reasons stated above, Mr. Gross's Compassionate Release/Reduction of Sentence Motion under 18 U.S.C. § 3582(c)(1)(A), dkt. [63], is **denied**.

**IT IS SO ORDERED.**

Date: 11/30/2020

_/s/ Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Larry Gross
Reg. No. 16176-028
FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507

All Electronically Registered Counsel